UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KAREN A. KUKLEWICZ, as Administratrix of
the Estate of BRIAN D. KUKLEWICZ, Deceased
80 Willowlawn Parkway
Cheektowaga, NY 14206,

        Plaintiff,

vs.

PINNACLE AIRLINES CORP.
1689 Nonconnah Boulevard
Memphis, TN 38132,

COLGAN AIR, INC.
10677 Aviation Lane
Manassas, VA 20110,

and

CONTINENTAL AIRLINES, INC.
1600 Smith Street
Houston, TX 77002,

        Defendants.

**COMPLAINT**

Civil Action No.

<u>JURY TRIAL DEMANDED</u>

---

## COMPLAINT

Plaintiff, KAREN A. KUKLEWICZ, as Administratrix of the Estate of BRIAN D. KUKLEWICZ, deceased, by her attorneys, KREINDLER & KREINDLER LLP and LIPSITZ GREEN SCIME CAMBRIA LLP, for her Complaint against the defendants, alleges:

### PARTIES

1. The plaintiff, KAREN A. KUKLEWICZ, is a citizen of the United States and resides in the County of Erie and the State of New York.

2. On the 25th day of March, 2009, the plaintiff, KAREN A. KUKLEWICZ, was appointed Administratrix of the Estate of BRIAN D. KUKLEWICZ, pursuant to an Order of the Surrogate's Court of the County of Erie and the State of New York, and Limited Letters of Administration of the Estate of BRIAN D. KUKLEWICZ were issued to the plaintiff, KAREN A. KUKLEWICZ, and the said plaintiff thereupon duly qualified and thereafter acted and is still acting as such Administratrix. Plaintiff brings this action as the personal representative of the Estate of BRIAN D. KUKLEWICZ, and on behalf of the heirs and next of kin of BRIAN D. KUKLEWICZ, and all persons who have cognizable claims as a result of his death.

3. Upon information and belief, at all times herein mentioned, the defendant, PINNACLE AIRLINES CORP. (hereinafter referred to as "PINNACLE"), was and still is a foreign corporation duly organized and existing under and pursuant to the laws of the State of Delaware, with its principal place of business located in the State of Tennessee.

4. Upon information and belief, at all times herein mentioned, the defendant, PINNACLE, transacted and conducted business in the State of New York by operating an airline company of common carriage and by engaging in the transportation of individuals by aircraft arriving and departing Buffalo Niagara International Airport, and has thus subjected itself to the personal jurisdiction of the State

5. Upon information and belief, at all times herein mentioned, the defendant, COLGAN AIR, INC. (hereinafter referred to as "COLGAN"), was and still is a foreign corporation duly organized and existing under and pursuant to the laws of the State of Virginia, with its principle place of business located in the State of Virginia, and operates as a Continental Connection Regional Carrier.

6. Upon information and belief, at all times herein mentioned, the defendant, COLGAN, transacted and conducted business in the State of New York by operating an airline company of common carriage and by engaging in the transportation of individuals by aircraft arriving and departing Buffalo Niagara International Airport and has thus subjected itself to the personal jurisdiction of the State.

7. Upon information and belief, defendant, PINNACLE, is the parent company of the defendant, COLGAN.

8. Upon information and belief, at all times herein mentioned, the defendant, CONTINENTAL AIRLINES, INC. (hereinafter referred to as "CONTINENTAL"), was and still is a foreign corporation duly organized and existing under and pursuant to the laws of the State of Delaware, with its principal place of business located in the State of Texas.

9. Upon information and belief, at all times herein mentioned, the defendant, CONTINENTAL, transacted business in the State of New York by operating an airline of common carriage in cooperation, agency and through derivative ownership and contract with the defendants, PINNACLE, COLGAN and/or PINNACLE AIRLINES.

10. Upon information and belief, at all times herein mentioned, the defendant, CONTINENTAL, transacted and conducted business in the State of New York by operating an airline company of common carriage and by engaging in the transportation of individuals by aircraft arriving and departing Buffalo Niagara International Airport, and has thus subjected itself to the personal jurisdiction of this State.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332 in that the matter in controversy greatly exceeds the sum of SEVENTY FIVE THOUSAND and 00/100 ($75,000.00) DOLLARS.

12. Venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and one or more defendants are subject to personal jurisdiction in this district at the time this action was commenced pursuant to 28 U.S.C. § 1391.

## FACTS

13. On February 12, 2009, the decedent, BRIAN D. KUKLEWICZ, was a paying passenger on Continental Connection Flight 3407, also known as Colgan Flight 3407 ("Flight 3407"), which departed Newark Liberty International Airport with a final destination of Buffalo Niagara International Airport.

14. Upon information and belief, the defendants, PINNACLE, COLGAN and CONTINENTAL, jointly owned, maintained, scheduled, managed, supervised and/or operated Flight 3407, and the associated aircraft by providing regularly scheduled common carriage air transportation for paying passengers to and from Buffalo, New York.

15. Upon information and belief, the aircraft used for Flight 3407 on February 12, 2009 was a 74 seat Bombardier Dash 8-Q400 Model Aircraft, Registration No. N200WQ ("the aircraft") which is, upon information and belief, jointly owned, maintained, scheduled, managed, supervised and/or operated by the defendants, PINNACLE, COLGAN and CONTINENTAL.

16. Upon information and belief, the aircraft used for Flight 3407 on February 12, 2009 crashed approximately five miles from the Buffalo Niagara International Airport during the approach to landing at said airport, causing severe injuries to and the death of the decedent, BRIAN D. KUKLEWICZ.

17. Upon information and belief, during the relevant period of this action, the defendants, PINNACLE, COLGAN and CONTINENTAL, had and continue to have a parent/subsidiary and/or principal/agent and/or alter ego relationship between each of them.

18. Upon information and belief, the defendant, PINNACLE, is the parent, principle or alter ego of the defendant, COLGAN. The defendant, PINNACLE, uses the defendant, COLGAN, to conduct business in the State of New York and throughout the Northeastern United States. As a result of the relationship between PINNACLE and COLGAN, all are liable to the decedent for the crash of Flight 3407 and the resulting injury and death to the decedent.

19. Upon information and belief, the defendant, CONTINENTAL, is the parent, principal or alter ego of the defendants, PINNACLE and/or COLGAN. Defendant, CONTINENTAL, uses defendants, PINNACLE and/or COLGAN, to conduct business in the State of New York and throughout the Northeastern United States. As a result of the relationship between the defendant, CONTINENTAL, and the defendants, PINNACLE and/or COLGAN, including Capacity, Purchase, Agreements, and Revenue Pro-Rate Agreements, the defendants, COLGAN, PINNACLE and CONTINENTAL, are liable to the decedent for the crash of Flight 3407 and the resulting injury and death of the decedent.

20. Upon information and belief, at all times alleged herein, the pilots of Flight 3407 were employees and agents of the defendants, COLGAN, PINNACLE and/or CONTINENTAL, and were acting within the scope of their employment with said defendants.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS, COLGAN, PINNACLE AND CONTINENTAL

21. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "20" of this Complaint with the same force and effect as if fully set forth herein.

22. Upon information and belief, the defendants, COLGAN, PINNACLE and CONTINENTAL, were and are the owners and operators of an airline of common carriage and the aircraft that was operated as Flight 3407.

23. Upon information and belief, the defendants, COLGAN, PINNACLE and/or CONTINENTAL, employed the pilots of Flight 3407, who were acting within the scope of their employment and agency on February 12, 2009.

24. As common carrier, the defendants, COLGAN, PINNACLE and CONTINENTAL, had a duty to exercise the highest standard of care and to provide safe transport to all passengers of Flight 3407, including the decedent, BRIAN D. KUKLEWICZ.

25. The defendants, COLGAN, PINNACLE and CONTINENTAL, breached the duties of care owed to the decedent by negligently operating the aircraft used for Flight 3407 on February 12, 2009, and by negligently hiring, selecting, pairing, supervising, training, communicating with and educating their employees, representatives and agents who operated the aircraft for Flight 3407.

26. Upon information and belief, the proximate cause of the crash was the negligence of the defendants, COLGAN, PINNACLE and CONTINENTAL, and their willful, wanton and/or reckless disregard of the care required to be exercised by law and common practice for the safety of its passengers; and other culpable conduct of said defendants, through their agents, servants and/or employees and representatives, due to the reckless conduct of the pilots for Flight 3407 during the approach to landing at Buffalo Niagara International Airport.

27. Upon information and belief, the pilots' reckless approach resulted from, among other things, their failure to use appropriate care; failure to maintain the minimum required safe flying speed of the aircraft during the approach to landing; failure to recognize an imminent and dangerous aircraft stall; failure to apply the correct aircraft stall recovery procedure; failure to follow mandatory "sterile cockpit" discipline procedures; failure to maintain situational awareness; failure to adhere to appropriate autopilot use procedures; failure to properly use anti-icing and/or de-icing equipment on the aircraft; and in their otherwise negligent, reckless and/or other wrongful acts or omissions.

28. Upon information and belief, the pilots' reckless approach was also directly and proximately caused by, among other things, the defendants, COLGAN, PINNACLE and/or CONTINENTAL's, negligence, carelessness, recklessness and failure to use appropriate care in the training of their flight crews, including the failure to train their flight crews to ensure a safe flying speed is maintained in all phases of flight, particularly at lower altitudes during an approach to landing; failure to train their flight crews to properly recognize an imminent and dangerous aircraft stall; failure to train their flight crews to apply the current aircraft stall recovery procedures and not to apply incorrect and reflexive

flight control inputs; failure to train and ensure that their flight crews adhere to "sterile cockpit" discipline proceedings during the critical phases of flight such as the approach to landing; failure to train their flight crews to properly maintain situational awareness during all phases of flight including the approach to landing; failure to train their flight crews to adhere to appropriate autopilot use procedures particularly in icing conditions and during the approach to landing phase of flight; failure to train their flight crews to properly use anti-icing and/or de-icing equipment on the aircraft; failure to properly pair their flight crews so that their was a sufficient level of combined experience to safely operate the aircraft and its systems thereby maximizing the safety of the passengers; failed to select an appropriately safe aircraft for the subject flight; and otherwise committing negligent, reckless and/or other wrongful acts or omissions.

29. Upon information and belief, as a result of the alleged incident hereinbefore described, the plaintiff's decedent, BRIAN D. KUKLEWICZ, sustained severe bodily injuries which ultimately led to his death on February 12, 2009, and plaintiff's decedent, prior to his death, sustained great pain, suffering, terror and fear of imminent death.

30. Upon information and belief, as a result of the foregoing, the decedent claims damages against the defendants herein in an amount which shall exceed the sum of SEVENTY FIVE THOUSAND and 00/100 ($75,000.00) DOLLARS, exclusive of interest and costs, such amounts to be proven at trial.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS, COLGAN, PINNACLE AND CONTINENTAL

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" of this Complaint with the same force and effect as if fully set forth herein.

32. Upon information and belief, the defendants, COLGAN, PINNACLE and CONTINENTAL, expressly and impliedly warranted that they would provide safe, reliable and appropriate common carriage air transportation for their fare paying passengers, using piloting techniques that would assure the reasonable and safe transport of all Flight 3407 passengers, including the decedent, BRIAN D. KUKLEWICZ, to the Buffalo Niagara International Airport, and that their pilots and aircraft were reasonably fit for their intended and foreseeable uses and purposes.

33. The defendants, COLGAN, PINNACLE and CONTINENTAL, breached their express and implied warranties by failing to provide safe, reliable and appropriate common carriage air transportation for their fare paying passengers when the aircraft crashed during its approach to land at the Buffalo Niagara International Airport.

34. As a result of defendants' breach of their express and implied warranties, the plaintiff's decedent, BRIAN D. KUKLEWICZ, sustained severe injuries which ultimately led to his death as more fully set forth herein.

35. As a result of the foregoing, the plaintiff's decedent, BRIAN D. KUKLEWICZ, has been damaged by the defendants, COLGAN, PINNACLE and CONTINENTAL, in an amount which exceeds the sum of SEVENTY FIVE THOUSAND 00/100 ($75,000.00) DOLLARS, exclusive of interest and costs, said amounts to be proven at trial.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS, COLGAN, PINNACLE AND CONTINENTAL

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" of this Complaint with the same force and effect as if fully set forth herein.

37. The reckless wanton and willful misconduct of the defendants, including their employees and their gross disregard for the safety of their passengers, including the lack of training defendants provided to their pilots and the grossly deficient pairing of the Flight 3407 flight crew was a proximate cause of Flight 3407's crash and decedent's resultant injuries and death.

38. As a result of the foregoing, the plaintiff's decedent, BRIAN D. KUKLEWICZ, claims punitive damages in an amount which exceeds the sum of SEVENTY FIVE THOUSAND 00/100 ($75,000.00) DOLLARS, exclusive of interest and costs, said amounts to be proven at trial.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS, COLGAN, PINNACLE AND CONTINENTAL

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" of this Complaint with the same force and effect as if fully set forth herein.

40. The decedent, BRIAN D. KUKLEWICZ, left surviving his wife and two infant children.

41. The decedent's next of kin were dependent upon decedent for support, maintenance, nurture, comfort, advice, aid and society, which they are now deprived of as a result of the aforesaid incident and the death of the decedent.

42. As result of the aforesaid incident, medical, funeral and burial expenses have been incurred.

43. By reason of decedent's death caused by the negligence of the defendants as aforesaid, his distributees have been damaged, and the amount of damages sought herein by the plaintiff on behalf of the said distributees shall exceed the sum of SEVENTY

FIVE THOUSAND and 00/100 ($75,000.00) DOLLARS, exclusive of interest and costs, said amounts to be proven at trial.

WHEREFORE, the plaintiff demands judgment against the defendants, either jointly or severally, in the First, Second, Third and Fourth Causes of Action in an amount which exceeds the sum of SEVENTY FIVE THOUSAND 00/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and for such other, further or different relief as the Court may deem just and proper, together the costs and disbursements of the action.

DATED: Buffalo, New York
April      , 2009

LIPSITZ GREEN SCIME CAMBRIA LLP
Attorneys for Plaintiff

By: _____
JAMES T. SCIME, ESQ.
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333, Ext. 339
Facsimile: (716) 855-1580
jscime@lglaw.com

KREINDLER & KREINDLER LLP
Attorneys for Plaintiff

By: _____
JAMES P. KREINDLER, ESQ.
JUSTIN T. GREEN, ESQ.
DANIEL O. ROSE, ESQ.
100 Park Avenue
New York, New York 10017
Telephone: (212) 687-8181
Facsimile: (212) 972-9432
JKreindler@kreindler.com
JGreen@kreindler.com
DRose@kreindler.com